J-S13022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHISUM MANIGO | : | |
| | : | |
| Appellant | : | No. 569 EDA 2020 |

Appeal from the PCRA Order Entered December 19, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005300-2015,
CP-51-CR-0005301-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| CHISUM MANIGO | : | |
| | : | |
| Appellant | : | No. 570 EDA 2020 |

Appeal from the PCRA Order Entered December 19, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005300-2015,
CP-51-CR-0005301-2015

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY KING, J.:                                    **FILED:  MAY 7, 2021**

Appellant, Chisum Manigo, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which dismissed his first petition

_____

* Retired Senior Judge assigned to the Superior Court.

J-S13022-21

filed under the Post Conviction Relief Act.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 25, 2017, Appellant entered negotiated guilty pleas to aggravated assault and persons not to possess firearms at two separate docket numbers. That same day, the court imposed the negotiated aggregate sentence of 7 to 15 years' imprisonment followed by 5 years of probation.  Appellant did not file post-sentence motions, or notices of appeal.

On October 15, 2018, Appellant timely filed a PCRA petition.  The court appointed PCRA counsel, who filed an amended PCRA petition on December 19, 2018.  On April 15, 2019, Appellant filed a second amended PCRA petition. On December 19, 2019, the court held an evidentiary hearing.  The court held its decision under advisement but, that same day, issued an order dismissing Appellant's petition.

Appellant timely filed[2] separate notices of appeal at each underlying

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Although Appellant did not file his notices of appeal until February 11, 2020, the docket entries fail to indicate the date on which, or the manner by which, Appellant was served with the order denying PCRA relief.  Under these circumstances, we deem Appellant's notices of appeal timely.  **See** Pa.R.Crim.P. 114(C)(2) (explaining docket entries must contain: "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice"); **Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa.Super. 2015) (stating: "The date of entry of an order ... and the date the appeal period begins to run, shall be the day the clerk of the court ... mails or delivers copies of the order to the parties").

docket.[3]  On June 24, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and, on July 1, 2020, Appellant timely filed his concise statement.

On appeal, Appellant raises the following issues for our review:

> Did the [PCRA] court err in denying Appellant PCRA relief in the form of allowing him to withdraw his guilty plea after conducting an evidentiary hearing where the testimony clearly established that Appellant sent numerous written requests to trial counsel within ten days of being sentenced requesting that trial counsel file a motion to withdraw Appellant's guilty plea and where his plea was unknowing and involuntary because he was not sentenced according to the agreed upon negotiations and asked his attorney mid-hearing if he could withdraw his plea and go forward to trial.
>
> Did the [PCRA] court err in failing to provide Appellant with proper notice and service of the final order denying PCRA relief so that the notice of appeal was "untimely" as the court's ruling was not discovered until after the thirty-day time period had elapsed.

(Appellant's Brief at 2) (unpaginated).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.  **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795

---

[3] Because Appellant filed separate notices of appeal at each underlying docket, he complied with the requirements of **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018).

[4] Based upon our determination that Appellant's appeal was timely filed, we need not address his second issue.

(2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

Appellant argues that trial counsel provided ineffective assistance during his guilty plea hearing. Specifically, Appellant claims his guilty plea was unknowing and involuntary because counsel advised him of the maximum penalty he faced, but not the actual sentence he would receive. Appellant contends counsel told Appellant that he would receive a sentence of 7 to 14 years of incarceration, but the court imposed a higher sentence of 7 to 15 years of incarceration followed by 5 years' probation. Appellant maintains that he would not have proceeded with the guilty plea if he knew of the actual sentence he would receive. Appellant insists that he attempted to stop the guilty plea proceeding but was ignored by trial counsel. Appellant submits counsel ignored numerous letters Appellant sent counsel requesting that counsel withdraw Appellant's plea. Appellant concludes counsel was ineffective in connection with the entry of his guilty plea, and this Court must reverse the order denying PCRA relief and remand for appropriate further proceedings. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When

asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit …" ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002)

(some internal citations and quotation marks omitted).

With regard to counsel's effectiveness at a plea hearing,

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Willis***, 68 A.3d 997, 1001–02 (Pa.Super. 2013) (some

internal citations omitted). Further,

> "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." [***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa.Super. 2010).]
>
> … With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." ***Commonwealth v. Lewis***, 708 A.2d 497, 501 (Pa.Super. 1998). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa.Super. 2008).

***Willis, supra***. Significantly, "[a] person who elects to plead guilty is bound

by the statements he makes in open court while under oath and he may not

- 6 -

later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

Instantly, Appellant executed a written guilty plea colloquy on October 25, 2017. In the colloquy, Appellant confirmed, *inter alia*, his understanding of the nature of the charges, the factual basis of the plea, the presumption of innocence, the sentencing ranges, and the recommended sentence. (***See*** Written Guilty Plea Colloquy, 10/25/17, at 1-4). Additionally, Appellant indicated that he had consulted with counsel and was satisfied with counsel's legal advice and representation. (***See id.***). Likewise, at the guilty plea colloquy and following his plea and sentencing, Appellant stated he was satisfied with counsel's representation and did not wish to file a post-sentence motion or notice of appeal. (***See*** N.T. Plea Hearing, 10/25/17, at 13, 21-26).

At the PCRA hearing, plea counsel testified that he believed the aggregate negotiated sentence was 7 to 15 years' imprisonment followed by a period of probation. (N.T. PCRA Hearing, 12/19/19, at 6-7). Plea counsel testified that Appellant executed his written plea colloquy before the court, participated in an oral colloquy, and was advised of his post-sentence and appellate rights by counsel. (***See id.*** at 7-8). Counsel testified that he reviewed the colloquy with Appellant and asked Appellant whether he wanted to file a post-sentence motion or notice of appeal; Appellant did not request that counsel file either document. (***Id.*** at 8-9). Counsel further confirmed

that he did not receive any of the letters Appellant allegedly sent. (***Id.*** at 15).

Appellant testified at the PCRA hearing, *inter alia*, that counsel told Appellant the negotiated sentence was 7 to 14 years of incarceration, not 7 to 15 years of incarceration plus a probationary tail. (***See id.*** at 18-19). Appellant claimed that he did not read the written colloquy before signing it. (***Id.*** at 19).

In denying PCRA relief, the court stated:

> This court reviewed the three (3) letters sent on November 2, 2017, December 11, 2017, and January 20, 2018, to Appellant's counsel and disagreed. (Attached as Exhibit 3). In these letters, Appellant simply asks trial counsel if there is "a motion or petition you could submit to the courts on my behalf for possible relief?" Exhibit 3, pg 1. This court could find no mention of the words "guilty plea" or "withdraw" in any of the letters sent to Appellant's trial counsel. This court could also find no evidence that Appellant's trial counsel was ineffective.

(PCRA Court Opinion, filed 7/31/20, at 5-6).

Our review of the record supports the PCRA court's conclusion. There is no evidence that Appellant's plea was unknowing or involuntary. At every stage of the proceedings, Appellant indicated that he knew and understood the rights he was giving up; was aware of his prospective sentence; and was satisfied with counsel's representation. Appellant is bound by his statements at the plea colloquy. ***See Pollard, supra***. Under these circumstances, we agree with the PCRA court that Appellant's ineffectiveness claim lacks arguable merit. ***See Kimball, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/21